# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

FILED

JUN 0 1 2026

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

Case No. 1:26-CV148-CLC/CHS

## VERIFIED COMPLAINT

## JURY TRIAL DEMAND

**DELTA L. EADY,**
Plaintiff,

v.

**ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS; LEANNA R. WILSON and UNITED STATES MARSHALS SERVICE,**

Defendants.

_____

# I. INTRODUCTION

1. Plaintiff Delta L. Eady brings this civil action pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, for declaratory relief, injunctive relief, compensatory damages to the extent permitted by law, and all other appropriate relief arising from the denial of meaningful access to federally administered judicial services.

2. Plaintiff is a qualified individual with a disability whose mobility-related impairments substantially limit major life activities, including walking, mobility, transportation, physical travel, and participation in activities requiring repeated in-person access.

3. Because of those impairments, Plaintiff relies heavily upon accurate docket administration, timely filing procedures, reliable summons issuance, proper service-of-process administration, accessible communication procedures, and meaningful access to federal judicial services.

4. This action does not challenge the merits of judicial rulings. Rather, Plaintiff challenges repeated administrative barriers, procedural irregularities, filing-related failures, summons-related failures, service-of-process failures, and accessibility-related deficiencies that allegedly occurred during Plaintiff's federal litigation matters and substantially interfered with Plaintiff's ability to access and utilize federally administered judicial services.

5. The conduct alleged herein occurred across multiple federal civil actions and involved recurring administrative issues affecting Plaintiff's ability to effectively litigate, preserve claims, obtain service of process, and access judicial procedures.

6. Plaintiff repeatedly notified court personnel and administrative entities of procedural deficiencies, filing concerns, service-related problems, and barriers affecting his ability to meaningfully participate in litigation.

7. Despite repeated notice, Plaintiff alleges that known barriers and procedural irregularities were not timely corrected, resulting in prolonged delays, repeated procedural burdens, litigation prejudice, unnecessary travel-related hardship, duplicative filings, and impairment of Plaintiff's access to judicial services.
.

8. Administrative failures that might constitute mere inconvenience to an able-bodied litigant impose substantially greater burdens upon Plaintiff because of Plaintiff's disability-related limitations, transportation difficulties, and reliance upon accurate and accessible court administration.

9. Plaintiff seeks prospective relief to prevent future recurrence of the barriers alleged herein and seeks compensatory damages to the extent authorized by law.

---

## II. JURISDICTION AND VENUE

10. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, including Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

11. This Court has authority to award declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

12. This Court possesses authority to grant appropriate equitable and injunctive relief necessary to remedy ongoing barriers to meaningful access to federally administered judicial services.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts, omissions, administrative conduct, filing activities, docket administration, summons administration, service-of-process activities, and accessibility-related events giving rise to Plaintiff's claims occurred within the Eastern District of Tennessee.

14. Plaintiff seeks declaratory, injunctive, and monetary relief arising from the conduct alleged herein.

## III PARTIES

15. Plaintiff Delta L. Eady is an adult citizen and resident of the State of Tennessee residing in Georgetown, Tennessee.

16. Plaintiff is a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act.

17. Plaintiff suffers from permanent mobility-related impairments that substantially limit one or more major life activities, including walking, standing, mobility, transportation, travel, and physical access.

18. Plaintiff is a paraplegic and utilizes mobility aids and adaptive equipment to perform daily activities.

19. Plaintiff's disability substantially increases the burden associated with repeated travel, repeated court-related errands, duplicative filings, repeated service-related issues, and prolonged litigation delays.

20. Defendant Administrative Office of the United States Courts ("AOUSC") is the administrative entity responsible for providing administrative support, policy guidance, coordination, and oversight concerning administrative functions of the federal judiciary, including court administration and accessibility-related procedures affecting litigants.

21. Defendant LeAnna R. Wilson is sued solely in her official capacity as Clerk of Court for the United States District Court for the Eastern District of Tennessee.

22. At all relevant times, Defendant Wilson was responsible for oversight and administration of filing procedures, docket management, summons processing, record maintenance, court-access administration, and related administrative functions affecting litigants within the Eastern District of Tennessee.

23. Defendant United States Marshals Service ("USMS")

is a federal agency responsible for service of process when directed by the Court pursuant to 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4(c)(3).

24. At all times relevant herein, Defendants acted through their officers, employees, agents, representatives, deputy clerks, administrative personnel, and other individuals acting within the course and scope of their official responsibilities.

## IV. PLAINTIFF'S DISABILITY AND RELIANCE UPON ACCESSIBLE JUDICIAL SERVICES

25. Plaintiff's mobility impairments significantly restrict his ability to repeatedly travel to court facilities, government offices, and other locations associated with litigation activities.

26. Plaintiff's disability increases the physical, financial, and logistical burdens associated with correcting filing errors, re-serving pleadings, re-submitting documents, addressing service-related defects, and responding to procedural irregularities.

27. Because of Plaintiff's disability-related limitations, Plaintiff relies heavily upon accurate docket administration, timely processing of filings, proper summons issuance, effective service-of-process administration, and reliable communication concerning court procedures.

28. Administrative errors, delays, or procedural failures that might constitute minor inconvenience to an able-bodied litigant impose substantially greater burdens upon Plaintiff due to transportation limitations, mobility restrictions, and disability-related hardships.

29. Plaintiff repeatedly informed court personnel, administrative entities, and other responsible individuals of procedural concerns, filing-related problems, service-related issues, and barriers affecting his ability to meaningfully access judicial services.

30. Plaintiff relied upon Defendants to administer filing procedures, docket management, summons issuance, service coordination, and related judicial-access functions in an accurate, timely, and accessible manner.

31. Plaintiff alleges that repeated administrative failures occurring in multiple federal cases substantially interfered with Plaintiff's ability to effectively access judicial services and participate in litigation on equal terms.

32. Plaintiff further alleges that the cumulative effect of those failures imposed disability-related burdens not experienced by similarly situated able-bodied litigants.

## V. ADMINISTRATIVE FAILURES IN PLAINTIFF'S ATR LITIGATION (Case No. 1:24-cv-00339-TRM-MJD)

33. Plaintiff commenced a federal civil action in the United States District Court for the Eastern District of Tennessee styled

**Eady v. American Tow & Recovery, et al., Case No. 1:24-cv-00339.**

34. Plaintiff filed his complaint and motion to proceed in forma pauperis on or about October 17, 2024.

35. Because Plaintiff sought leave to proceed in forma pauperis, service of process depended upon proper administrative handling, summons administration, and service-related procedures.

36. Plaintiff's initial in forma pauperis application was deemed deficient, requiring additional filings and responses.

37. Plaintiff thereafter submitted additional filings, responses, and supplemental information in an effort to comply with court requirements.

38. Following objections and further proceedings, Plaintiff's request to proceed in forma pauperis was ultimately granted.

39. During the pendency of those proceedings, Plaintiff was repeatedly required to submit additional filings and procedural responses while attempting to preserve his claims.

40. Plaintiff thereafter filed amended pleadings as directed by the Court.

41. Throughout the litigation, Plaintiff relied upon accurate docket administration, proper summons procedures, and reliable service-of-process administration.

42. On multiple occasions, the Court directed that process not issue until further order.

43. Plaintiff thereafter submitted additional amended pleadings and supporting documents in an effort to comply with procedural requirements.

44. On or about June 20, 2025, summonses were issued concerning newly named defendants.

45. Shortly thereafter, Plaintiff was informed that portions of the summons issuance process had occurred in error and that certain summons-related actions were being disregarded or withdrawn.

46. Plaintiff alleges that confusion arose concerning operative pleadings, newly added defendants, summons issuance, and service-related procedures.

47. Plaintiff repeatedly sought clarification concerning service-related issues, docket activity, and procedural status.

48. Several defendants were ultimately served through court-authorized service procedures.

49. Additional defendants were not served due to service-related complications, address issues, administrative difficulties, or procedural disputes

concerning the operative complaint.

50. Plaintiff submitted notices, motions, and correspondence seeking clarification regarding service status and procedural irregularities.

51. Plaintiff further submitted objections and requests for corrective action concerning matters affecting service and litigation administration.

52. Plaintiff alleges that uncertainty regarding the operative complaint, summons validity, service obligations, and procedural requirements created substantial barriers to Plaintiff's ability to effectively litigate the action.

53. Plaintiff further alleges that certain summonses were later declared null and void following service-related litigation.

54. Plaintiff was required to expend substantial additional effort attempting to determine which pleadings controlled, which defendants had been properly served, and what additional procedural steps were required.

55. Because of Plaintiff's disability-related limitations, these procedural complications imposed burdens substantially greater than those typically experienced by an able-bodied litigant.

56. Plaintiff repeatedly notified court personnel, administrative entities, and responsible officials regarding service-related concerns and procedural complications.

57. Plaintiff alleges that known administrative and service-related issues were not timely resolved despite repeated notice.

58. On March 23, 2026, the ATR litigation was ultimately dismissed without prejudice pursuant to Rule 4(m) based upon failure to timely effectuate service of the operative complaint. Plaintiff respectfully submits that such dismissal was fundamentally unfair because Plaintiff was proceeding in forma pauperis, had relied upon the United States Marshals Service for service of process, had repeatedly attempted to comply with the Court's directives, and was substantially limited by his documented physical disabilities.

59. Plaintiff alleges that the dismissal occurred following a prolonged sequence of service-related complications, summons disputes, pleading disputes, administrative irregularities, and procedural barriers that substantially impaired Plaintiff's ability to access judicial services.

60. Plaintiff alleges that the cumulative effect of those events caused litigation prejudice, delay, increased procedural burdens, transportation-related hardship, duplicative filings, and impairment of Plaintiff's meaningful access to federally administered judicial services.

61. As a direct and proximate result of these administrative failures, Plaintiff suffered loss of judicial access, delay in adjudication of substantial claims, increased litigation burdens, duplicative filings, emotional distress, and the ultimate dismissal of the ATR

action despite Plaintiff's reliance upon court-directed service procedures available to litigants proceeding in forma pauperis.

## VI. ADMINISTRATIVE FAILURES IN PLAINTIFF'S YMCA LITIGATION (Case No. 1:25-cv-00263-TRM-CHS)

62. Plaintiff commenced a federal civil action in the United States District Court for the Eastern District of Tennessee styled **Eady v. YMCA of the USA, et al., Case No. 1:25-cv-00263.**

63. Plaintiff prepared and submitted his complaint together with an application to proceed in forma pauperis, summons forms, and related filing materials.

64. Plaintiff possesses a file-stamped copy of the complaint reflecting acceptance by the Clerk's Office on August 14, 2025.

65. August 14, 2025 was the final day before expiration of the applicable statute of limitations governing certain claims asserted in that action.

66. Despite Plaintiff's possession of a file-stamped complaint reflecting August 14, 2025, the docket subsequently reflected a filing date of August 15, 2025.

67. Because Plaintiff's claims were filed immediately before expiration of the limitations period, the discrepancy between the file-stamped date and the

docket date created substantial concern regarding preservation of Plaintiff's legal rights.

68. Plaintiff relied upon accurate docket administration and filing procedures to ensure preservation of his claims.

69. Plaintiff thereafter filed an amended complaint together with summons and service-related materials.

70. Plaintiff's application to proceed in forma pauperis remained unresolved for approximately seven and one-half months.

71. During that period, summonses were not issued and service of process did not occur.

72. During that same period, screening of the complaint remained incomplete.

73. Despite the absence of completed screening and service procedures, certain defendants appeared and filed a motion to dismiss.

74. Plaintiff was required to prepare and file responses, memoranda, declarations, certificates of service, and a sur-reply in order to oppose the motion to dismiss.

75. Plaintiff was therefore required to actively litigate the case while fundamental administrative issues concerning screening, summons issuance, and service remained unresolved.

76. Plaintiff repeatedly monitored the docket and submitted filings in an effort to move the case forward.

77. Plaintiff further sought issuance of summonses and clarification concerning service procedures.

78. On April 6, 2026, the Court denied Defendants' motion to dismiss and denied Plaintiff's request concerning issuance of summonses.

79. An order entered on April 6, 2026 stated that summonses would issue after resolution of Plaintiff's in forma pauperis motion.

80. On the same date, a separate order stated that process would not issue until screening had been completed.

81. Plaintiff alleges that these directives created uncertainty regarding the status of service procedures and the steps necessary to advance the litigation.

82. Plaintiff continued to experience delay concerning screening, summons issuance, and service of process despite repeated efforts to comply with procedural requirements.

83. Because of Plaintiff's disability-related limitations, the prolonged uncertainty, repeated monitoring requirements, repeated filings, and inability to obtain timely service imposed burdens substantially greater than those experienced by an able-bodied litigant.

84. Plaintiff alleges that the cumulative effect of these administrative barriers increased transportation-related hardship, procedural burden, litigation stress, delay in judicial relief, and impairment of Plaintiff's meaningful access to federally administered judicial services.

85. Plaintiff further alleges that the YMCA litigation demonstrates a continuing pattern of administrative barriers affecting Plaintiff's ability to effectively access and utilize federal court procedures.

---

## VII. COMBINED IMPACT OF RECURRING ADMINISTRATIVE BARRIERS

86. The ATR litigation and YMCA litigation involved different defendants, different claims, and different procedural histories.

87. Nevertheless, both actions involved recurring issues relating to filing administration, summons administration, service-of-process procedures, docket management, and Plaintiff's ability to obtain timely access to judicial processes.

88. Plaintiff repeatedly notified responsible personnel regarding procedural concerns, filing irregularities, service-related issues, and barriers affecting his ability to participate in litigation.

89. Plaintiff alleges that those concerns were not timely resolved despite repeated notice.

90. The cumulative effect of the administrative barriers alleged herein imposed substantial burdens upon Plaintiff because of Plaintiff's disability-related limitations and reliance upon accessible judicial services.

91. Administrative failures that might constitute

inconvenience to an able-bodied litigant imposed significantly greater burdens upon Plaintiff because of transportation limitations, mobility impairments, and disability-related hardships associated with repeated procedural delays and duplicative litigation efforts.

92. Plaintiff alleges that Defendants failed to provide Plaintiff meaningful and reasonably accessible participation in federally administered judicial services despite repeated notice of known barriers.

93. As a direct and proximate result of the conduct alleged herein, Plaintiff suffered litigation prejudice, delay, increased filing burdens, transportation-related hardship, frustration of judicial access, emotional distress, physical hardship, and other damages recoverable under applicable law.

---

# VIII. COUNT- I

# VIOLATION OF SECTION 504 OF THE REHABILITATION ACT
# (29 U.S.C. § 794)

94. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

95. Plaintiff is a qualified individual with a disability within the meaning of Section 504 of the Rehabilitation Act.

96. Plaintiff's mobility-related impairments substantially limit one or more major life activities, including walking, mobility, transportation, travel, and physical access.

97. Defendants administer, operate, coordinate, oversee, and/or participate in federally administered programs, services, activities, procedures, and systems affecting litigants seeking access to federal judicial services.

98. Plaintiff sought to utilize federally administered judicial services, including filing procedures, docket administration, summons administration, service-of-process procedures, litigation management systems, and related court-access services.

99. Plaintiff repeatedly informed responsible personnel regarding procedural barriers, service-related issues, filing-related concerns, and disability-related burdens affecting his ability to effectively access judicial services.

100. Defendants possessed actual notice of recurring barriers affecting Plaintiff's ability to meaningfully access and utilize judicial services.

101. Despite such notice, Plaintiff alleges that known barriers, procedural irregularities, and administrative failures were not timely corrected.

102. Plaintiff was denied meaningful and reasonably accessible participation in judicial services and activities because of the barriers described herein.

103. The administrative barriers alleged herein imposed substantially greater burdens upon Plaintiff because of

Plaintiff's disability-related limitations and reliance upon accessible court procedures.

104. As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, litigation prejudice, delay, transportation-related hardship, increased procedural burdens, frustration of judicial access, and other injuries.

105. Plaintiff is entitled to declaratory, injunctive, equitable, and monetary relief to the extent permitted by law.

---

## IX. COUNT- II

## DENIAL OF MEANINGFUL ACCESS TO FEDERALLY ADMINISTERED JUDICIAL SERVICES

106. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

107. Defendants administer and oversee procedures affecting litigants' access to filing systems, docket administration, summons administration, service-of-process procedures, and related judicial-access functions.

108. Meaningful access to judicial services requires reasonably reliable administration of procedures necessary for litigants to file actions, preserve claims, obtain service of process, and participate in litigation.

109. Plaintiff relied upon such procedures in order to prosecute his federal actions.

110. Plaintiff alleges that recurring administrative barriers interfered with his ability to effectively access those services.

111. Plaintiff further alleges that repeated delays, procedural irregularities, service-related complications, and filing-related issues substantially impaired his ability to utilize judicial services on equal terms.

112. Because of Plaintiff's disability-related limitations, the barriers alleged herein imposed significantly greater burdens than those experienced by similarly situated able-bodied litigants.

113. Defendants failed to provide Plaintiff meaningful access to federally administered judicial services.

114. Plaintiff is entitled to declaratory and injunctive relief together with all additional relief authorized by law.

---

## X. COUNT- III

## FAILURE TO REASONABLY ACCOMMODATE KNOWN DISABILITY-RELATED LIMITATIONS

115. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

116. Plaintiff repeatedly informed court personnel and responsible administrative entities regarding disability-

related barriers affecting his ability to access and participate in litigation.

117. Plaintiff's disability-related limitations increased the hardship associated with repeated filings, repeated procedural corrections, repeated travel, service-related defects, and prolonged litigation delays.

118. Defendants knew or should have known that recurring procedural barriers imposed heightened burdens upon Plaintiff because of his disability.

119. Plaintiff alleges that reasonable measures existed that could have reduced or prevented the barriers described herein.

120. Plaintiff further alleges that Defendants failed to adequately address known barriers after receiving repeated notice.

121. As a direct and proximate result of Defendants' failures, Plaintiff suffered injury, hardship, delay, and impairment of access to judicial services.

122. Plaintiff is entitled to declaratory, injunctive, equitable, and monetary relief to the extent authorized by law.

---

# XI. COUNT- IV

# DECLARATORY RELIEF

123. An actual and continuing controversy exists concerning Plaintiff's ability to obtain meaningful access to federally administered judicial services and procedures.

124. Plaintiff contends that the administrative barriers, procedural irregularities, service-related complications, filing-related issues, and accessibility-related failures alleged herein interfered with Plaintiff's ability to meaningfully access judicial services.

125. Defendants dispute Plaintiff's contentions and deny liability.

126. Plaintiff seeks a declaration regarding the rights, duties, and obligations of the parties under Section 504 of the Rehabilitation Act and other applicable law.

127. Plaintiff further seeks a declaration that qualified individuals with disabilities are entitled to meaningful access to federally administered judicial services, filing procedures, summons administration, service-of-process procedures, and related court-access functions.

128. Plaintiff seeks such declaratory relief as may be necessary to resolve the controversy presented herein.

## XII. INJUNCTIVE RELIEF

129. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

130. Plaintiff alleges that absent appropriate corrective

measures, disabled litigants may continue to encounter barriers affecting meaningful access to judicial services.

131. Plaintiff seeks narrowly tailored injunctive relief designed to ensure meaningful access to federally administered judicial services.

132. Plaintiff respectfully requests that the Court consider appropriate prospective relief, including:

(a) review and evaluation of accessibility-related procedures affecting litigants with disabilities;

(b) review and evaluation of procedures relating to summons administration and service-of-process coordination involving litigants proceeding in forma pauperis;

(c) implementation of reasonable procedures designed to improve communication concerning filing, service, and summons-related issues affecting disabled litigants;

(d) review of procedures governing accessibility-related concerns raised by litigants with disabilities;

(e) such additional prospective relief as the Court determines necessary to ensure meaningful access to judicial services.

133. Plaintiff seeks only such injunctive relief as is authorized by law and deemed appropriate by the Court.

## XIII. DAMAGES

134. As a direct and proximate result of the conduct alleged herein, Plaintiff suffered damages including but not limited to:

**(a)** litigation prejudice;

**(b)** repeated procedural delay;

**(c)** increased filing burdens;

**(d)** transportation-related hardship;

**(e)** duplicative litigation efforts;

**(f)** frustration of judicial access;

**(g)** emotional distress;

**(h)** physical hardship associated with repeated procedural burdens;

**(i)** loss of time and resources; and

**(j)** other damages recoverable under applicable law.

135. Plaintiff seeks compensatory damages in an amount to be determined by the trier of fact, but not less than Six Hundred Thousand Dollars ($ 600,000.00), or such amount as may be proven at trial and permitted by law.

## XIV. PRAYER FOR RELIEF

136. **WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and

against Defendants, jointly and severally where permitted by law, and award:

A. Declaratory relief;

B. Injunctive relief;

C. Compensatory damages permitted by law;

D. Costs of litigation;

E. Prejudgment interest as permitted by law;

F. Post-judgment interest as permitted by law;

G. Such additional legal, equitable, and declaratory relief as the Court deems just and proper.

## XV. JURY DEMAND

137. Plaintiff demands trial by jury on all issues so triable.

## XVI. VERIFICATION

138. I, **Delta L. Eady**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief

_____ .

**Executed this \_\_\_\_ day of June, 2026.**

Respectfully submitted,

**Delta L. Eady, Pro Se**
12142 Bettis Rd.
Georgetown, TN 37336
404-860-4150
007deltaeady@gmail.com
Date: June    , 2026